**Ahwi SETIONO; Maria Muliawaty, Petitioners,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

No. 04–72911.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.\*\*

Filed Oct. 1, 2007.

R. Wayne McMillan, Esq., Pasadena, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Stephen R. Campbell, United States Department of Justice, Torts Branch, Civil Division, Earle B. Wilson, Esq., Leslie McKay, Esq., Joan H. Hogan, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM \*\*\*

Ahwi Setiono and his wife, Maria Muliawaty, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") decision that affirmed the Immigration Judge's ("IJ") order denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

When, as here, the BIA affirms without an opinion, we review the IJ's decision

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

directly. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence, *see Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir. 2000), and we deny the petition in part, grant the petition in part and remand.

Substantial evidence supports the IJ's finding that petitioners failed to demonstrate past persecution on account of a protected ground. *See Singh v. INS*, 134 F.3d 962, 970 (9th Cir.1998); *Gu v. Gonzales*, 454 F.3d 1014, 1019–21 (9th Cir. 2006).

Substantial evidence further supports the IJ's finding that petitioners failed to establish a well-founded fear of future persecution, because they failed to demonstrate the requisite individualized risk of persecution. *Cf. Sael v. Ashcroft*, 386 F.3d 922, 927 (9th Cir.2004).

Because petitioners cannot meet their burden to demonstrate that they are eligible for asylum, they necessarily fail to meet the more stringent standard for withholding of removal. *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir.2004).

We decline to consider the IJ's denial of petitioners' CAT claims, because petitioners did not raise the issue in their opening brief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

The IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales*, 463 F.3d 972, 981 (9th Cir.2006), we held that "because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the

agency for further proceedings regarding voluntary departure.

**PETITION FOR REVIEW DENIED in part; GRANTED in part and REMANDED.**